IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DERIC LAVELLE MAY,               :

    Plaintiff,               :

vs.                              :     CIVIL ACTION 15-0347-KD-C

WALTER MYERS, et al.,            :

    Defendant(s).            :

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate well-known to this Court, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenL.R. 72(a)(2)(R) for appropriate action. Plaintiff, known to the Court as a prison inmate who is generally ineligible for *in forma pauperis* status, has once again filed a Motion to Proceed Without Prepayment of Fees when he filed his Complaint instead of paying the $400 filing fee, a fee he is required to pay as a "three-striker" unless he meets the exception to 28 U.S.C. § 1915(g). Plaintiff is aware of this requirement, as several of his actions have been dismissed pursuant to § 1915(g).[1] After reviewing Plaintiff's Complaint, it is again recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**I.  Applicable Law.**

The relevant portion of the Prison Litigation Reform Act ("PLRA") states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

---

[1] May's extensive litigation history was recently compiled by Magistrate Judge Milling and Judge DuBose in *May v. Myers*, Civil Action No.15-304-KD-M, 2015 WL 4967049 (S.D. Ala. Aug. 19, 2015), *appeal dismissed* (Sept. 24, 2015).

>occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"The purpose of the PLRA is to curtail abusive prisoner litigation. Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(citation and quotation marks omitted). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (quoting 28 U.S.C. § 1915(g)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007).

**II.    Complaint's Allegations. (Doc. 1).**

In the present action, May has filed another claim that the defendants have denied him medical care required by the Eighth Amendment to the United States Constitution. His claims against Warden Walter Myers, Assistant Warden Gwendolyn Givins and Deputy Warden Terry Raybon are similarly worded. He claims that on or about June 15, 2015 Warden Myers "exposed [him] to unquestionable and serious deprivations of basic human needs and the minimal civilized measures of life[']s necessities." (Doc. 1, at 4-5). As to defendants Givins and Raybon, he says that they "**allowed** [him] to be exposed to unquestionable and serious deprivations of basic human needs and the minimal civilized measures of life[']s necessities." (*Id*. at 5-6)(emphasis added).

When asked to briefly explain his claims, Plaintiff did not mention Defendants Givins

and Raybon. The claim against Myers is that, as Warden, he failed to properly "audit" the procedures of the contractor responsible for supplying medical services to the inmates at Holman Prison and/or check on their performance. He mentions a "VP shunt malfunction" as the deprivation of required medical care but does not mention any injury caused by the malfunction. (*Id.* at 4-5 & 8). When asked to inform the Court of the relief he is requesting, he says that he wants a TRO and a preliminary injunction along with the taxing of attorney's fees to the State. (*Id*. at 7). However, he has failed to specifically inform the Court of the content of the injunction being sought.[2]

### III.    Analysis.

It is without dispute that plaintiff has suffered the dismissal of more than three actions because they were either frivolous, malicious, or failed to state a claim upon which relief could be granted. Therefore, plaintiff's current allegations must satisfy § 1915(g)'s exception, which requires that plaintiff face an "imminent danger of serious physical injury" at the time of filing his complaint, in order for this action to proceed. Additionally, an adequate nexus must exist between the claims plaintiff seeks to pursue and the imminent danger he alleges. *See Pettus v. Morgenthau,* 554 F.3d 293, 298 (2d Cir.2009) ("[W]e hold that the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)."). In this action Mays failed to allege "imminent danger of serious physical injury" at the time he filed the complaint in July 2015 in order to avail himself of the exception to § 1915(g). *Cf. Ashcroft v.*

---

[2] The claim against Warden Myers appears to be identical to the claims reviewed by Magistrate Judge Nelson and Judge DuBose in *May v. Myers*, No. CIV.A. 15-00211-KD-N, 2015 WL 3495512 (S.D. Ala. June 2, 2015), which were dismissed without prejudice on the authority of 28 U.S.C. § 1915(g).

*Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (a claim must have facial plausibility in order for a claim to be stated as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Although it is difficult to discern from the current pleadings, it appears that the plaintiff continues to argue that his medical needs for the condition of hydrocephalus and the operation of a VP shunt are not being met.  If this is his position, and he is not alleging a new violation that occurred on June 15, 2015, similar claims have been thoroughly reviewed and rejected by this Court and the Eleventh Circuit. *See May v. Patterson,* CA No. 11–675–KD–B (S.D.Ala.), *appeal dismissed as frivolous* (11th Cir. June 26, 2014) (holding that the District Court properly granted summary judgment) (Doc. 94). The Eleventh Circuit clearly determined that plaintiff had not identified any evidence that would refute or undermine the medical judgment of his treating doctor, or demonstrated that he received inadequate or delayed medical care. (*Id.* at 7).

**IV.    Conclusion.**

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400.00 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice. *Dupree, supra,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C.1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001) (recognizing that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976, 122 S.Ct. 1449, 152 L.Ed.2d 391 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenL.R. 72(c). The parties should note that *under Eleventh Circuit Rule 3–1,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on un-objected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3–1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 18th day of March, 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**
